UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MAHAMADOU JABBI,
MALAMIN JAGANA, and
ABOUBARCARI WAGUE,

    Defendants.

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 1 2018

**INDICTMENT**

18 Cr.

18 CRIM 676

**COUNT ONE**
**(Passport Fraud)**

The Grand Jury charges:

1. On or about December 1, 2014, in the Southern District of New York and elsewhere, MAHAMADOU JABBI, willfully and knowingly made a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use and the use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, to wit, JABBI submitted a United States passport renewal application containing false information about his identity, including a photograph of another person.

(Title 18, United States Code, Sections 1542 and 2.)

## COUNT TWO
(Wrongful Delivery of Another's Passport)

The Grand Jury further charges:

2.  In or around 2015, in the Southern District of New York and elsewhere, MAHAMADOU JABBI, the defendant, willfully and knowingly furnished, disposed of, and delivered United States Passport No. 525717636, which was issued by the National Passport Center to JABBI and in JABBI's identity, to another, for use by a person ("Gambian National-1") other than JABBI, the person for whose use said passport was originally issued and designed.

(Title 18, United States Code, Sections 1544 and 2.)

## COUNT THREE
(Wrongful Delivery of Another's Passport)

The Grand Jury further charges:

3.  In or around January 2015, in the Southern District of New York and elsewhere, MALAMIN JAGANA, the defendant, willfully and knowingly furnished, disposed of, and delivered United States Passport No. 525298252, which was issued by the New York Passport Agency to JAGANA and in JAGANA's identity, to another, for use by a person ("Foreign National-1") other than JAGANA, the person for whose use said passport was originally issued and designed.

(Title 18, United States Code, Sections 1544 and 2.)

## COUNT FOUR
### (Wrongful Delivery of Another's Passport)

The Grand Jury further charges:

4.   In or around 2015, in the Southern District of New York and elsewhere, ABOUBARCARI WAGUE, the defendant, willfully and knowingly furnished, disposed of, and delivered United States Passport No. 525678169, which was issued by the National Passport Center to United States citizen Binta Touray and in Touray's identity, to another, for use by a person ("Gambian National-2") other than Touray, the person for whose use said passport was originally issued and designed.

(Title 18, United States Code, Sections 1544 and 2.)

## COUNT FIVE
### (False Statement)

The Grand Jury further charges:

5.   On or about December 1, 2014, in the Southern District of New York and elsewhere, MAHAMADOU JABBI, the defendant, willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, JABBI executed DS11 passport application 265147105 at the Bronx Supreme Court in his identity, but submitted a photograph of another with his application which he represented to be a photograph of himself.

(Title 18, United States Code, Section 1001.)

## COUNT SIX
(False Statement)

The Grand Jury further charges:

6. On or about January 15, 2015, in the Southern District of New York and elsewhere, MAHAMADOU JABBI, the defendant, willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, JABBI executed DS11 passport application 114292138 at the Bronx Supreme Court in the identity of a "Mahamadou Sakanoko," but submitted a photograph of a person ("Gambian National-3") other than Sakanoko with the application, which photograph he represented to be a photograph of Sakanoko.

(Title 18, United States Code, Section 1001.)

## COUNT SEVEN
(Bringing in and Harboring Aliens)

7. In or around May 2015, in the Southern District of New York and elsewhere, MAHAMADOU JABBI, the defendant, encouraged and induced an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, to wit, JABBI encouraged or induced Gambian National-1 to enter the United States using United States Passport No. 525717636, which was issued in JABBI's identity but

bore Gambian National-1's photograph.

(Title 8, United States Code, Section 1324(a)(1)(A)(iv) and
Title 18, United States Code, Section 2.)

## COUNT EIGHT
(Bringing in and Harboring Aliens)

8.   In or around March 2015, MALAMIN JAGANA, the defendant, would and did attempt to harbor an alien, as those terms are defined in Title 8, United States Code, Section 1324, to wit, JAGANA encouraged or induced Gambian National-2 to enter the United States using Passport No. 525678169, issued in Binta Touray's identity but bearing Gambian National-2's photograph.

(Title 8, United States Code, Section 1324(a)(1)(A)(iv) and
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

9.   As a result of committing the offense alleged in Count Seven this Indictment, MAHAMADOU JABBI, the defendant, shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b) and Title 18 United States Code Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense, and all property traceable to such conveyances; the gross proceeds of said offense, and all property traceable to such proceeds; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or

was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

    10.  As a result of committing the offense alleged in Count Eight this Indictment, MALAMIN JAGANA, the defendant, shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b) and Title 18 United States Code Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense, and all property traceable to such conveyances; the gross proceeds of said offense, and all property traceable to such proceeds; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

SUBSTITUTE ASSETS PROVISION

    11.  If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 8, United States Code, Section 1324;
    Title 18, United States Code, Section 982;
    Title 21, United States Code, Section 853.)

_[signature]_ 9/21/18
FOREPERSON

_[signature]_
GEOFFREY S. BERMAN
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MAHAMADOU JABBI,
MALAMIN JAGANA, and
ABOUBARCARI WAGUE,

Defendants.

### INDICTMENT

18 Cr.

(18 U.S.C. §§ 1542, 1544, 1001, and 2;
8 U.S.C. § 1324.)

GEOFFREY S. BERMAN
United States Attorney

**A TRUE BILL**

*[signature]*
Foreperson

*9.21.2018 - Wheel A. J. Rakoff assigned. [signature] USMJ*

*True Bill + Indictment filed 9/21/18 [initials]*