```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,            :
                                     :    18-cr-676-1 (JSR)
        v.                           :
                                     :    FINDINGS OF FACT AND
MAHAMADOU JABBI,                     :    CONCLUSIONS OF LAW
                Defendant.           :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On October 28, 2020, the United States Probation Office ("Probation") submitted to the Court a petition for violation of supervised release, alleging that on or about October 24, 2020 in the Bronx, supervisee Mahamadou Jabbi violated the conditions of his supervised release by possessing a loaded Bersa .380 firearm in violation of New York state law. Jabbi was arrested on October 24, 2020 on state charges relating to the same alleged firearm possession. On December 23, 2020, pursuant to an arrest warrant issued by this Court, Jabbi was transferred to federal custody. He was arraigned on the alleged violations of supervised release on January 6, 2021, and he denied them. The Court scheduled an evidentiary hearing.

On January 29, 2021, counsel for the Government and counsel for Jabbi convened a joint telephone conference pursuant to the Court's Individual Rules. The parties sought leave to proceed without an evidentiary hearing. The Government proposed to submit a letter attaching exhibits that would, in the Government's view,

discharge the Government's obligation to prove the alleged violations. Defense counsel consented to this proposed approach and indicated that the defense would submit no evidence. The Court granted the parties' application to proceed in this fashion. On February 2, 2021, the Government submitted a letter, attaching three exhibits. The defense did not object to or contest the authenticity of the Government's exhibits and has submitted neither evidence nor argument in opposition.

## Findings of Fact

On January 23, 2019, Jabbi pled guilty to passport fraud and wrongful delivery of a passport, in violation of Sections 1542 and 1544, respectively, of Title 18 of the United States Code. On May 8, 2019, the Court imposed a sentence principally consisting of time served and two years' supervised release. Judgment, ECF No. 69, at 2-3. One condition of Jabbi's supervised release is the mandatory condition that he "not commit another federal, state or local crime." Id. at 4.

Probation alleges that Jabbi committed four violations of supervised release on or about October 24, 2020, in the Bronx. Specifically, Probation alleges that at around 2:27 a.m. on that date Jabbi possessed a loaded, unregistered, .380 Bersa firearm, in violation of New York Penal Law ("NYPL") §§ 265.03(01)(B), 265-B(02), 265-B(01) & 265.01(B)(01).

The Government submitted three exhibits to substantiate these allegations. Exhibit A, produced to the Court in native format, contains body camera footage. At the beginning of the recording, the viewer hears a man (later revealed to be Jabbi), who is seated in the rear of a car. An NYPD officer is standing by the rear driver's-side door of the car. This exchange takes place:

> NYPD Officer: "Step out of the car. What do you got on you, brother?"
>
> Jabbi: "A weapon."
>
> NYPD Officer: "What kind of weapon?"
>
> Jabbi: "A gun."
>
> NYPD Officer: "You got it on you? All right. Do me a favor. Don't move. Just step out of the car. I appreciate the honesty, all right, brother? We're gonna work it all out. What's your first name, brother?"
>
> [Jabbi exits the vehicle.]
>
> Jabbi: "Mahamadou."
>
> NYPD Officer: "OK. Where's the gun?"
>
> Passenger: "It's on my waist."
>
> NYPD Officer: "Don't reach, all right? Turn around. Right here."
>
> [The officer takes the gun from the passenger's waistband and places it on the rear seat inside the vehicle.]
>
> NYPD Officer: "What's your last name?"
>
> Jabbi: "Jabbi."
>
> NYPD Officer: "All right, Jabbi."

The NYPD officers on the scene then arrested Jabbi. Exhibit B is a still photograph, excerpted from the body camera, of the firearm on the seat. Exhibit C is an NYPD property invoice, signed by NYPD officers and dated October 24, 2020. The voucher indicates that the officers obtained from Jabbi a black, .380 caliber Bersa pistol, with 1 cartridge in the chamber and 4 cartridges in a magazine. The voucher also states that there was no "active license" for the firearm.

Based on this evidence, the Court finds by a preponderance of the evidence that on or about October 24, 2020 in the Bronx, Jabbi possessed a loaded .380 Bersa pistol.

### Conclusions of Law

Probation alleges that by possessing the loaded Bersa pistol, Jabbi violated four New York statutes.

The Court begins with the simplest charges. The third and fourth specifications charge Jabbi with violating NYPL §§ 265-B(01) & 265.01-B(01), which prohibit criminal possession of a firearm and criminal possession of a weapon in the fourth degree, respectively. A person commits both criminal possession of a firearm and criminal possession of a weapon in the fourth degree when he or she unlawfully "possesses any firearm," NYPL §§ 265-B(01) & 265.01-B(01). There is no evidence that Jabbi has a valid defense to these charges, such as a license. Cf. NYPL § 265.20(03). Because Jabbi possessed a firearm in the Bronx on

-4-

October 24, 2020, he committed criminal possession of a firearm and criminal possession of a weapon in the fourth degree. And by violating New York state law, he also violated the conditions of his supervised release.

The second specification charges Jabbi with a violation of NYPL § 265.01-B(02), which provides:

> A person is guilty of criminal possession of a firearm when he or she: . . . (2) lawfully possesses a firearm prior to [a particular date] subject to the registration requirements of subdivision sixteen-a of section 400.00 of this chapter and knowingly fails to register such firearm pursuant to such subdivision.

Probation contends that Jabbi violated this statute "in that Jabbi possessed a firearm in which it was not registered [sic]." The Government offers no elaboration on this point. However, this statute proscribes failure to register only those firearms which were, at one time, lawfully possessed. No record evidence indicates that Jabbi ever lawfully possessed this firearm. Therefore, the Government has not carried its burden on the second specification.

Finally, the first specification charges Jabbi with a violation of NYPL § 265.03(01)(B), which provides:

> A person is guilty of criminal possession of a weapon in the second degree when: (1) with intent to use the same unlawfully against another, such person: . . . (b) possesses a loaded firearm . . . ."

As noted, the Court finds that Jabbi possessed a loaded firearm on October 24, 2020. However, the Government points to no evidence

-5-

that would tend to show <u>why</u> Jabbi possessed that loaded firearm. Indeed, the Government's letter does not mention mens rea; it simply states that based on the exhibits, "the Court has ample evidence to conclude that the defendant committed the state crime of firearm possession during his supervised release and should so find." Gov't Ltr., ECF No. 104.

The New York legislature chose to incorporate a mens rea element in § 265.03(01B), and the Court cannot conclude by a preponderance of the evidence that Jabbi intended to use the pistol unlawfully against another. For example, Jabbi might have carried the gun for self-defense, or he might have intended to sell it, or he might have been a gun courier for someone else who intended to use the firearm unlawfully. The Court concludes that the Government has not carried its burden on the first specification.

Because the Court finds that the Government has failed to carry its burden on the first and second specifications, those charges are dismissed. Because the Court finds that the Government has carried its burden on the third and fourth specifications, a sentencing hearing will be held on Monday, March 8, 2021, at 9:00 a.m.

SO ORDERED.

Dated: New York, NY
       February 26, 2021

_____
JED S. RAKOFF, U.S.D.J.